MARY B. HOOK

*v.*

THE PEOPLE *ex rel.* Begole, County Treasurer.

*Opinion filed February 17, 1899.*

1. TAXES—*to warrant judgment for taxes the land must be properly described.* There can be no valid judgment against land for taxes unless the land is described so that it can be located and found.

2. SAME—*what is not a sufficient description to authorize judgment.* A description in a tax collector's advertisement of delinquent lands as "F. Farrell, pt. lt. 24b. pt. N. E. 11, 8, 5, 683.10," is not sufficient to authorize a judgment.

APPEAL from the County Court of St. Clair county; the Hon. E. C. RHOADS, Judge, presiding.

MORRISON & WORTHINGTON, for appellant.

M. D. BAKER, and FORMAN & BROWNING, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The county treasurer of St. Clair county applied to the county court of that county for judgment against, and an order of sale of, certain tracts of land in that county which had been returned as delinquent for the taxes of 1897 and for certain back taxes assessed for the years 1895 and 1896. Mary Hook, the appellant, appeared and objected to the rendition of judgment against the tract in controversy in this case, and which was described in the advertisement by the collector as "F. Farrell pt. lt. 24b. pt. N. E. 11, 8, 5, 683.10." The notice stated that the letter "b" indicated that the back taxes were due on the land for the years 1895 and 1896. It will be noticed that no reference is made to any survey or plat, or any other means of identification of the tract assessed, from which it could be ascertained what part of the north-east quarter of the section lot 24 was. But even if it be conceded that the burden was on the objector to show that there was not of record any plat, map or survey from a reference to which the description would have been rendered certain, still there would be nothing by which to determine what part of lot 24 was delinquent and advertised for sale. This precise question was decided in *People* v. *Rickert,* 159 Ill. 496, and it was there said: "In a direct proceeding for judgment against lands for taxes there can be no lien, and consequently no judgment, unless the lands are described so that they can be located and found." See, also, *People* v. *Eggers,* 164 Ill. 515, and *People* v. *Reat,* 107 id. 581, where it was said that even if the "lot were well located on the plat, the description 'part of lot 20' is wholly indefinite." *People* v. *Chicago and Alton Railroad Co.* 96 Ill. 369; *Sanford* v. *People,* 102 id. 374.

Other objections have been urged, but as the one noticed disposes of the case they need not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*