Williams, Appellant, vs. Daubner and another, Respondents.

*June 5 — June 22, 1899.*

{*Deeds: Delivery: Agency.*

A person, believing herself on her deathbed, executed a deed and de-
livered it to the scrivener with directions that if she recovered she
wanted it back again, and if she did not to deliver it to the grantee.
The deed remained in the hands of the depositary up to the time
of her death. *Held*, that there had been no legal delivery of the
deed, it being subject to her control up to the time of her death,
and that thereafter no legal delivery could be made.

Appeal from a judgment of the superior court of Milwau-
kee county: Geo. E. Sutherland, Judge. *Reversed.*

The facts in this case are quite fully set out in the find-
ings. It appears therefrom, and from the evidence, that
Gertrude A. Williams, prior to her marriage with plaintiff,
was the owner of a house and lot in the city of Milwaukee;
that she was affected with consumption, and died on the
12th day of March, 1897; that prior to the 29th day of Jan-
uary, 1897, she executed a will, in which she devised said
property to her mother, Jane Sharples, for life, and after
her death to her brother, the defendant *Mark Sharples;* that
on said 29th day of January, 1897, believing herself to be
on her deathbed, she caused said will to be destroyed, and,
in order to save the expense of the probate of said will, she
called in the defendant *G. Holmes Daubner,* and directed
him to prepare two deeds of said property, one to her mother
for life, and the other to her brother in fee. These deeds were
duly executed by her, and were delivered to *Mr. Daubner.*
The circumstances of such delivery are stated by him as fol-
lows: "I asked what I should do with the deeds. She said,
'If I recover, I want them back again; and if I do not, you de-
liver to mother and *Mark* after I am dead.'" *Mr. Daubner*
took the deeds to his office, in Waukesha, and the next day

inclosed them in an envelope, and put them in his safe. On the outside of the envelope he made the following indorsement: "Deeds from Gertrude A. Williams to Jane Sharples and *Mark G. Sharples*, to be delivered to the grantees in case the grantor shall not recover from her present sickness; otherwise, to be returned to the grantor if she recovers." The deeds remained in *Mr. Daubner's* possession until Mrs. Williams died. Thereafter the deed to Mrs. Shaples was delivered, whose death occurred shortly prior to the commencement of this action. The other deed remained in *Mr. Daubner's* possession, and this action was brought by the plaintiff husband, as the sole heir of his wife's estate, to restrain its delivery. Upon the trial the court concluded that, when the deeds were delivered to *Mr. Daubner*, the grantor parted with all present or temporary control over the same, and gave judgment for the defendants, from which this appeal is taken.

For the appellant there was a brief by *W. J. & J. H. Turner*, and oral argument by *W. J. Turner*.

For the respondents there was a brief by *Fiebing & Killilea*, and oral arguments by *M. R. Killilea*.

BARDEEN, J. The facts in this case are in no substantial dispute. Mrs. Williams executed the deed in suit, and delivered it to *Mr. Daubner* to hold, upon the understanding that if she recovered from her sickness she was to have it back, and, if not, then it was to be delivered to the grantee named. The sole question is, Was this deed in the hands of *Daubner* beyond her control? This case is ruled by *Prutsman v. Baker*, 30 Wis. 644. The cases do not differ in any essential particular as to the circumstances under which the deed came to the possession of the depositary and under which he was to hold it. It is true that in that case the depositary testified that the papers were under the grantor's control until he died, but that was merely his conclusion

Williams vs. Daubner and another.

from the facts stated, and did not give any additional weight thereto. In determining that the facts stated did not constitute a valid delivery of the deed, Chief Justice Dixon says: "An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is that there must be a parting with the possession and of the power and control over the deed by the grantor for the benefit of the grantee, *at the time of the delivery.*" The importance of these essentials has been recognized and enforced in this court in the following cases: *Campbell v. Thomas*, 42 Wis. 437; *Schmidt v. Deegan*, 69 Wis. 300; *Albright v. Albright*, 70 Wis. 529; *Lehigh C. & I. Co. v. West Superior I. & S. Co.* 91 Wis. 221. As sustaining the doctrine of the *Prutsman Case*, and in addition to the cases therein cited, we refer to the following: *Baker v. Haskell*, 47 N. H. 479; *Williams v. Schatz*, 42 Ohio St. 47; *Porter v. Woodhouse*, 59 Conn. 569. The principle emphasized is that the delivery of the deed not being absolute, or conditional so as to be beyond the grantor's control, and the depositary being a mere agent, the instrument is revocable at any time before the grantor's death, and is therefore a nullity.

The principles stated seem to fully cover the case at bar, and render extended discussion unnecessary. Under the circumstances in proof, and within the authorities cited, we cannot escape the conclusion that the deed in the hands of *Daubner* was under the control of the grantor up to the time of her death, and therefore no legal delivery thereof has or can be made.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded with directions to enter judgment for the plaintiff for the relief demanded in the complaint.