Kittoe, Appellant, vs. Willey and others, Respondents.

*March 25—April 19, 1904.*

*Deeds: Delivery to third person: Intent: Husband and wife.*

1. The manual deposit of a deed with a third person, to receive and hold for the grantee, with intent thereby to give the paper effect as a deed and to place the same beyond the custody and control of the grantor, will give such deed validity and efficacy as against the grantor, although some condition is imposed, precedent to final delivery to the grantee, which may serve to prevent vesting of actual title in him meanwhile.
2. Though the intent to make effective delivery is less readily inferred when a bedridden man hands to his wife a deed to another person, yet, if the necessary intent to place the instrument out of his control for the benefit of the grantee exists, the deposit with the wife is as effective as with a stranger.
3. The question of the intent of the grantor in delivering a deed to another than the grantee is one of fact, to be determined from all the circumstances surrounding the transaction.

APPEAL from a judgment of the circuit court for Grant county: E. Ray Stevens, Judge. *Affirmed.*

Action of ejectment by plaintiff, one of ten heirs of John Willey, deceased, against the other nine heirs as defendants, but especially against *William H. Willey,* who claims to own eighty acres of land by virtue of a warranty deed executed by the ancestor, John Willey, in his lifetime. Similar deeds of other parcels of land were made to three other brothers at the same time. The only question was whether such deeds were delivered so as to become effective. As a result of some conflict in evidence, the trial court found that these deeds were executed by John Willey and his wife, witnessed, and acknowledged, about January 4, 1896, whereupon, in the presence of the scrivener and the witnesses, John Willey said to his wife: "Now mother, you keep them [the deeds] in your possession as long as you live, and then give them or deliver them to the boys." The whole transaction was without the knowledge or co-operation of the grantees named. John Willey died January 22d, whereupon Mrs. Willey informed the sons of the deeds, and in the presence of some of them deposited them with the cashier of a bank, with directions to deliver them to the named grantees upon her death. Shortly after her death, which occurred June 23, 1896, that cashier handed the deeds to the respective grantees. Upon the delivery to him of the deed, the defendant *William H. Willey* entered upon, and ever since has occupied and claimed title to, the eighty acres in dispute.

From these specific facts and some others the court found that the grantor, John Willey, parted with all control and dominion over the deeds at the time he delivered them to his wife. Judgment dismissing the complaint was entered, from which the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Geo. B. Clementson,* who contended, *inter alia,* that the whole transaction of deeds and instructions is evidently an ineffectual will, which would have been revocable at pleasure had it been effectual. The instrument was evidently intended to

become operative only upon the death of both grantors, is testamentary in character, and not a deed. *Bigley v. Souvey,* 45 Mich. 370; *Blackman v. Preston,* 123 Ill. 381; *Donald v. Nesbit,* 89 Ga. 290; *Hazleton v. Reed,* 46 Kan. 73; *Nichols v. Emery,* 109 Cal. 323; *Leaver v. Gauss,* 62 Iowa, 314; *Turner v. Scott,* 51 Pa. St. 126; *Schuffert v. Grote,* 88 Mich. 650; *Clay v. Layton,* 96 N. W. 458; *Frederick's Appeal,* 52 Pa. St. 338; *Rawlings v. McRoberts,* 95 Ky. 346; *Millican v. Millican,* 24 Tex. 426; *Gage v. Gage,* 12 N. H. 371. Whether a deed has been delivered or not depends on whether the grantor parted with all power, dominion, and right of control over the deed when he put it into the hands of a third person. Where there is no question of estoppel, the grantor's *intention* to part with control over the deed cannot avail the grantee where no act has been done which will in law be regarded as carrying out this intention and as barring his right to recall the deed. *Prutsman v. Baker,* 30 Wis. 644, 646; *Cook v. Brown,* 34 N. H. 466; *Albright v. Albright,* 70 Wis. 528, 533; *Williams v. Daubner,* 103 Wis. 523; *Campbell v. Thomas,* 42 Wis. 437; *Schmidt v. Deegan,* 69 Wis. 300; *Lehigh C. & I. Co. v. West Superior I. & S. Co.* 91 Wis. 221; *Baker v. Haskell,* 47 N. H. 479.

For the respondents there was a brief by *Olin & Butler,* and oral argument by *J. M. Olin.* They argued, among other things, that whenever the estate is presently created, so that an interest vests with the execution of a paper, then, even though the enjoyment of the estate is postponed, the instrument creating it is a deed. *Spencer v. Robbins,* 106 Ind. 580, 5 N. E. 726; *Brown v. Atwater,* 25 Minn. 520; *Owen v. Williams,* 116 Ind. 70, 15 N. E. 678; *Diefendorf v. Diefendorf,* 132 N. Y. 100; *Rawlings v. McRoberts,* 95 Ky. 346, 25 S. W. 601; *Latimer v. Latimer,* 174 Ill. 418, 51 N. E. 548, 551. Unless an instrument which has been fully executed, from every point of view, seems to be a nullity, it will not be intended that the parties meant that it should be in-

valid, and some effect will, if possible, be given it. *Cates v. Cates,* 135 Ind. 272, 34 N. E. 957, 959; *Spencer v. Robbins,* 106 Ind. 580, 5 N. E. 727; *Gano v. Aldridge,* 27 Ind. 294; *Stout v. Dunning,* 72 Ind. 346. The following decisions illustrate how far the courts have gone in construing instruments so as to give them effect: *White v. Hopkins,* 80 Ga. 154, 4 S. E. 863; *Ball v. Foreman,* 37 Ohio St. 132, 141; *Johnson v. Hines,* 31 Ga. 720; *Graves v. Atwood,* 52 Conn. 512; *Webster v. Webster,* 33 N. H. 18; *Shackelton v. Sebree,* 86 Ill. 616; *Wyman v. Brown,* 50 Me. 139; *Bunch v. Nicks,* 50 Ark. 367, 7 S. W. 563; *Wall v. Wall,* 30 Miss. 93; *Owen v. Williams,* 116 Ind. 70, 15 N. E. 678. As to when a deed delivered to a third person will be deemed a present deed, they cited *Prutsman v. Baker,* 30 Wis. 644, 650; *Albright v. Albright,* 70 Wis. 528, 533; *Williams v. Daubner,* 103 Wis. 521, 523; 1 Devlin, Deeds, § 280; *Foster v. Mansfield,* 3 Met. 412; *Ball v. Foreman,* 37 Ohio St. 132, 139; *White v. Watts,* 118 Iowa, 549, 92 N. W. 660; *Albrecht v. Albrecht,* 121 Iowa, 521, 96 N. W. 1087; *Wheelwright v. Wheelwright,* 2 Mass. 447; *Hatch v. Hatch,* 9 Mass. 307; *Hathaway v. Payne,* 34 N. Y. 92, 106; 9 Am. & Eng. Ency. of Law (2d ed.) 157, 158; *Weuster v. Folin,* 60 Kan. 334, 56 Pac. 490; *Cook v. Brown,* 34 N. H. 460; *Bryan v. Wash,* 7 Ill. 557. The mere fact that the deed may be within the manual and physical power of the grantor to regain possession of it, or that it may be within his mental power to alter his intention, will not defeat the conveyance. *Sneathen v. Sneathen,* 104 Mo. 209, 16 S. W. 497, 499; *White v. Watts,* 118 Iowa, 549, 92 N. W. 660; *Albrecht v. Albrecht,* 121 Iowa, 521, 96 N. W. 1087, 1088; *Trask v. Trask,* 90 Iowa, 318, 57 N. W. 841, 843. Nor is it material that the grantee had no knowledge of the existence of the deed until after the grantor's death. The acceptance of a deed of valuable property will be presumed, although the grantee had no knowledge of the provision for his benefit; and this is especially

true when the conveyance imposes no condition or burden upon the grantee. In such a case, if the grantee accepts the benefit when the existence of the deed is brought to his knowledge, the acceptance relates back to the date of the conveyance. *Hatch v. Hatch,* 9 Mass. 307, 309; *Arrington v. Arrington,* 122 Ala. 510, 26 So. 152, 154; *White v. Watts,* 118 Iowa, 549, 92 N. W. 660, 662, and cases cited in opinion; *Jones v. Swayze,* 42 N. J. L. 279; *Bryan v. Wash,* 7 Ill. 557, 565; *Sneathen v. Sneathen,* 104 Mo. 209, 16 S. W. 497, 499; 9 Am. & Eng. Ency. of Law (2d ed.) 162, and cases cited; *Weuster v. Folin,* 60 Kan. 344, 56 Pac. 490.

DODGE, J. The finding of the court as to the words used by the deceased, John Willey, at the time the deed was placed in his wife's hands, must be sustained. It is supported by the testimony of the only living witness to the transaction, and is contradicted only by the fact that the same witness, on another occasion, in purporting to quote those words, omitted part of them. The only other question involved is whether from those words, in the light of the attending circumstances, we can say that the further finding that John Willey then intended to place the deed beyond his control, and therefore deliver it for the grantee, must be set aside as against the great preponderance of the evidence.

The rules of law generally governing the delivery of a deed to another than the grantee are quite well settled by our own decisions. *Prutsman v. Baker,* 30 Wis. 644; *Campbell v. Thomas,* 42 Wis. 437; *Albright v. Albright,* 70 Wis. 528, 36 N. W. 254; *Williams v. Daubner,* 103 Wis. 521, 79 N. W. 748; *Ward v. Russell, ante,* p. 77, 98 N. W. 939. These cases establish that the manual deposit of a deed with a third person, to receive and hold for the grantee, with intent thereby to give such paper effect as a deed and to place the same beyond the custody and control of the grantor, will give such deed validity and efficacy as against the grantor,

although some condition is imposed, precedent to final delivery to the grantee, which may serve to prevent vesting of actual title in him meanwhile, certainly if such precedent event is one sure to happen. There must be physical tradition of the deed out of the grantor's possession, and there must be the intent to place it out of his control for the benefit of the grantee. Obviously the latter element is the one over which difficulty most frequently arises, and not much can be said *a priori* to guide the judgment of trial courts thereon. Hardly more has been accomplished in that direction than to prescribe the rule that any express reservation of a right to withdraw the deed from the depositary refutes the intent essential to its efficacy. Obviously all the circumstances—closeness of relation to the depositary, naturalness of such selection as mere custodian for the grantor, ease of latter's physical access to papers as usually kept by the person selected as depositary, certainty or uncertainty of grantor's belief in his approaching death; all these, besides the spoken words—may vary the conclusion in different cases. Undoubtedly the wife of a bedridden man is so natural a person to receive into her hands a paper which he desires to retain in his legal custody that the intent to make an effective delivery is less readily to be inferred from the handing of a deed to her than if to a stranger. *Morris v. Caudle,* 178 Ill. 9, 52 N. E. 1036. Nevertheless, if the necessary intent exists, a deposit with her is as effective as with another. *Squires v. Summers,* 85 Ind. 252; *Stout v. Rayl,* 146 Ind. 379, 45 N. E. 515; *Sneathen v. Sneathen,* 104 Mo. 201, 209, 16 S. W. 497; *Miller v. Meers,* 155 Ill. 284, 40 N. E. 577. The question of that intent was, as we have said, one of fact, to be answered by inference from all the circumstances surrounding the transaction. While the inference might well be doubtful, we are convinced that the doubt is very evenly balanced between the conclusion reached by the trial court and a contrary one; nay, we are by no means certain that we should not reach the

same result. In such situation we cannot set aside the finding of fact as to John Willey's intent, which, standing, supports the judgment rendered.

*By the Court.*—Judgment affirmed.