DICKSON, Administrator, Respondent, vs. BILLS, Appellant.

*November 16—December 6, 1910.*

*Gifts* causa mortis: *Delivery: Witnesses: Examination as adverse: Privileged communications: Appeal: New trial: Newly discovered evidence.*

1. Where a gift *causa mortis* was intended, but the delivery as well as the gift was intended to be conditional on the donor's death, and there was no actual delivery, the donee acquired no title as against the administrators of the donor.

2. Delivery by the donor to the donee of the keys of a deposit box, together with a writing directing the deposit company to "give over" the contents of such box to the donee, did not, under the circumstances of this case, constitute a constructive delivery equivalent to an actual delivery of the contents of the box, there being evidence and a finding of the trial court to the effect that the donor did not intend a delivery before her death. *Crook v. First Nat. Bank*, 83 Wis. 31, distinguished.

3. Refusal to allow a witness to be examined as an adverse witness under sec. 4068, Stats. (1898), cannot be held prejudicial error unless exception was taken and the examination was proceeded with so as to show prejudice from the ruling.

4. There being considerable evidence to support the trial court's decision of a preliminary question of fact upon which it based a ruling that a communication to an attorney was privileged, such decision will not be disturbed on appeal.

5. Refusal to grant a new trial on the ground of newly discovered evidence was not error where such evidence was cumulative or corroborative of evidence given on the trial and was much weakened by contradictory statements or admissions alleged to have been made by the proposed witnesses and otherwise.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge.    *Affirmed.*

For the appellant there was a brief by *F. H. Griggs* and *W. H. & T. F. Frawley,* and oral argument by *T. F. Frawley.* They cited, among other cases, *Wilson v. Carpenter,* 17 Wis. 512; *Harrigan v. Gilchrist,* 121 Wis. 127, 314, 99 N. W. 909; *Henschel v. Maurer,* 69 Wis. 576, 34 N. W. 926; *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109.

For the respondent there was a brief by *Sturdevant & Farr,* and oral argument by *L. M. Sturdevant.*    Among other cases cited in their brief were *Schultz v. Becker,* 131 Wis. 235, 110 N. W. 214; *Tyler v. Stitt,* 127 Wis. 379, 106 N. W. 114; *More v. May,* 117 Wis. 192, 94 N. W. 45; *Jackman v. Eau Claire Nat. Bank,* 125 Wis. 465, 104 N. W. 98; *Ryan v. Oshkosh G. L. Co.* 138 Wis. 466, 120 N. W. 264; *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456; *Milwaukee S. & R. Co. v. Lindenberger,* 142 Wis. 273, 124 N. W. 272; *Meyer v. Doherty,* 133 Wis. 398, 113 N. W. 671.

TIMLIN, J.    This is a suit by the administrator of Lelia I. Russell, deceased, to recover from the defendant certain property which the latter claims as a gift from deceased.    The administrator recovered, and it is contended that the findings of the circuit court are not supported by evidence.

Lelia I. Russell was a married woman living apart from her husband and owned certain furniture in a house in St. Paul, Minnesota, occupied by her under a lease, and also owned some money, bonds, and jewelry which were in a safety deposit box in the same city, also held by her under a lease. The defendant is her brother, who lived at Augusta, Wisconsin, and who had been during a part of her sickness visiting deceased and attending to some of her affairs. While sick and apprehensive of death she had some of her furniture collected from the several rooms in her house and placed or stored in one room, and she informed the defendant that she would give or did give him this furniture so stored. No further delivery was made prior to her death. She also on May 29, 1906, called by telephone one of the officers of the safety deposit company and stated that she had only a short time to live and wished to know how she could get or have delivered the contents of her safety deposit box. At the dictation of this officer over the telephone she executed on that day an instrument in words and figures following: "May 29, 1906. Minneapolis Loan & Trust Co. Safe Deposit Vault: Please give over contents of strong box No. 2419, password Pem, to my brother, *George Bills,* Augusta, Wis. This is my authority. Lelia I. Russell." On this day she delivered this writing and two keys of the box to the defendant. The defendant did not present this writing or remove the contents of the box or go to the safety deposit box until after the death of Mrs. Russell, which occurred August 6, 1906. The instrument under which she held this box consisted of an application to rent safe No. 2419 at $5 per annum, payable quarterly, subject to certain rules of the deposit company, and furnished a description of herself for the purpose of identification and her signature. It also provided that in the event of her death she appointed her administrator to have full control of the contents of the box. Rent appears to have been paid by her up to May 7, 1906, and in arrears from that date.

On August 7, 1906, defendant presented the writing above quoted and the keys, and the safety deposit company entered a surrender of Mrs. Russell's lease of the box in the surrender book and the defendant paid for the quarter year rent due August 7, 1906, and took away the contents of the box. There was also evidence from which the circuit court was authorized to infer that the intention of Mrs. Russell was to put her property in such shape that not only the gift but the delivery to her brother of her furniture and the contents of the safety deposit box were to be contingent upon her death. The court found that the deceased intended to make a gift to the defendant, but that such intention was never consummated or carried into effect in her lifetime.

The question is whether there was a constructive delivery equivalent to an actual delivery. The case in this state most in point is *Crook v. First Nat. Bank,* 83 Wis. 31, 52 N. W. 1131. The case last mentioned, so far as it concerns the validity of the gift, was decided upon demurrer to an answer upon a situation where the pleadings taken together showed the form of the gift in writing, and an averment in the answer admitted by demurrer was to the effect that the donor by this writing intended to give and did give the fund in question to the donee. The writing contained sufficient ambiguity to make this an averment of fact admitted by the demurrer rather than a conclusion of law. If the court below found in the instant case that the writing in question was intended to give and did give to the defendant the contents of the safety deposit box the cases would be parallel. The court here found the contrary. This finding has the following evidence to support it: (1) The defendant did not present the writing of surrender of lease of Mrs. Russell until after her death. (2) In requesting instructions from the safety deposit company she wished to know what form of an order would be necessary so that this company would feel authorized and let her brother have access to her box. (3) The in-

strument requested the trust company to give over the contents and did not itself purport to transfer the contents. (4) A competent witness testified that Mrs. Russell said to defendant: "Now I will give you an order, and if anything should happen to me get them first before you should let it be known that I was gone, so that it will not go through the court." There was in this sufficient to support the finding of the circuit court, because it appeared that during the lifetime of the donor the safety deposit company did not, as requested, "give over" to defendant the contents of the box nor make any change in the situation or condition of such contents, and the acts of both parties furnish evidence that this was probably not intended to be done during the lifetime of the donor, but that the delivery should take place pursuant to said order after her death. The like intention is inferable from the evidence relating to the attempted gift of the furniture, which was entirely oral. *Wilcox v. Matteson,* 53 Wis. 23, 9 N. W. 814; *Schultz v. Becker,* 131 Wis. 235, 110 N. W. 214.

In all such cases of constructive delivery a finding of the trial court against the intention to make delivery before death necessarily presents a very formidable obstacle in the way of recovery by the donee, where there is evidence to support such finding.

Error is assigned on the refusal of the trial court to allow cross-examination of the mother of deceased as an adverse witness. If such error was made, the proper way to take advantage of it is to except to the ruling and proceed with the examination of the witness so as to disclose by her testimony whether the appellant was prejudiced by such ruling. As it is, we cannot say that the ruling was prejudicial to appellant. Neither was there error in excluding the testimony of Mr. Griggs. The court excluded this upon its determination of the preliminary question that deceased consulted Mr. Griggs as an attorney and the communication was privileged. *State v. Russell,* 83 Wis. 330, 337, 53 N. W. 441.

We do not feel warranted in overthrowing the decision of the trial court upon this preliminary question of fact, because there is considerable evidence to support it.      .

Error is assigned upon the refusal to grant a new trial upon newly discovered evidence consisting of the testimony of several inmates of Mrs. Russell's house and that of a prospective buyer of her furniture to declarations made by her to the effect that she had given the furniture and the contents of the safety deposit box to defendant.    This evidence was cumulative or corroborative of other evidence offered on the trial by defendant.    It is much weakened by contradictory statements or admissions alleged to have been made by the proposed witnesses and in other respects, and we cannot say that the trial court erred in refusing to grant a new trial thereon within the rule of *Jalie v. Cardinal,* 35 Wis. 118; *Hedger v. State, post,* p. 279, 128 N. W. 80.

*By the Court.*—Judgment of the circuit court is affirmed.