ZIMMERMAN, Respondent, vs. ZIMMERMAN and wife, imp., Appellants.

*January 17—February 13, 1917.*

*Deeds: Delivery to third person: Control retained by grantor: Wills.*

1. A deed may be delivered by the grantor to a third person for the benefit of the grantee and possession and enjoyment by him of the property involved be postponed until the happening of some special event, such as the death of the grantor, but it is essential that the grantor should absolutely part with control of the instrument and that it should take effect as his deed when so delivered.

2. Findings of the trial court in this case to the effect that a deed of certain land to the grantor's son, to take effect at her death, and other instruments conveying the rest of her property, all of which were signed by the grantor and placed in the hands of a third person to be retained by him until her death, were intended by her as a testamentary disposition of her property; that she intended to retain control of said instruments, with power to make (as she afterwards did by will) a different disposition of the property; and that a delivery of the deed by the depositary to the grantee was unauthorized, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

Action to remove a cloud on title, tried with the following result as to facts: Augusta Zimmerman died April 8, 1915. She then resided on a farm composed of land described in the complaint. She had been a widow since 1901 and for years had operated the farm, assisted by plaintiff, her son *John Zimmerman,* who was unmarried and resided with her, and also by her son Herman, an incompetent and under guardianship. She derived title from her husband, who predeceased her. February 8, 1901, the deed of the land involved was deposited with one Braun, to be delivered to her in case she survived the grantor, or to the latter in case he survived her. After he died it was delivered to her and recorded. April 10, 1908, she was ill and, supposing she might soon decease, desired to make disposition of her property. Plaintiff was under bond to appear in court, shortly, to be tried upon the charge of murder. She had intended to leave him the farm, charged with the support of Herman, but, because of the pending trial, thought a different disposition necessary. She consulted Braun, her friend and business advisor, and Mr. Van Hecke, an attorney, and directed the latter to prepare (a) a deed to her son *Otto,* to be executed by her, of all the land described in the complaint, including the personal property on the farm, (b) a deed to her son Paul of two city lots, (c) a bill of sale to her children, except Herman, of her household goods, Herman to have his

bed; also, to be executed by *Otto*, a $2,000 note to Herman, a mortgage to secure it on a designated part of the land, (d) a $650 note to plaintiff, (e) a $300 note to Charles Zimmerman, (f) a $300 note to Fred Zimmerman, (g) a $150 note to Paul Zimmerman and a $100 note to Richard Zimmerman. She also had prepared a writing between herself and Braun for the transfer to him of some certificates of deposit for $350, and a $50 note, and delivered to him some money to be used for payment of expenses in the criminal matter, the residue, if any, to be used for her funeral expenses. The instruments covered all her property. She executed all papers prepared therefor and placed them in the hands of Braun and Van Hecke, directing them to have the other papers executed and to retain all in the hands of one or the other and not allow any recording during her lifetime. She intended to thus retain control of the papers so they would not become effective until her death. The papers were taken to Van Hecke's office, and, in due course, *Otto*, his wife joining, executed those prepared therefor. The deed to *Otto* was delivered to him and, later, the deed to Paul was delivered to him. Such deliveries were unauthorized by Mrs. Zimmerman. The papers so delivered were handed back and remained on deposit in Van Hecke's office, subject to the control of Mrs. Zimmerman until her death and until the latter part of August, 1915. Neither the mortgage nor any of the notes were ever delivered to any of the payees. The personal property was not delivered. After the death of Mrs. Zimmerman there was an offer to deliver the notes but all parties, except Richard Zimmerman, rejected the offer. Mrs. Zimmerman intended to make a testamentary disposition of her property. *Otto*, up to the decease of his mother, supposed the deed to him was subject to her recall. April 8, 1908, the plaintiff was acquitted of the charge against him. His mother soon recovered. She, plaintiff, and Herman continued to reside on the farm and, in the

course of time, she recurred to her former intention of leaving her property, in the main, to plaintiff charged with the support of Herman. She attempted to secure a return of the deeds by applying to Braun and obtaining a bundle which she had left with him for safe keeping but did not obtain the particular paper. March, 1915, she was taken ill. Then, in due form, she disposed of her property by will, ignoring the previous transaction. In due course the will was probated. All the children had notice thereof and made no objection. Thereby, the title to the real estate in question was vested in plaintiff, subject to a charge in favor of Herman.

Upon such facts the court concluded that the first transaction was an attempted, ineffectual disposition of property; that if it were otherwise than of testamentary character, it was ineffectual for want of delivery of the notes and mortgage securing the same; and that plaintiff was entitled to judgment establishing title to the real estate under the will and for costs against *Otto*.

All defendants, except *Otto* and his wife, disclaimed and dropped out of the case as contestants.

The deed to *Otto* expressly provided that it should not take effect until the grantor's death. There was no express direction by the grantor to deliver the deed and receive it back to be kept as was done. There was evidence to the effect that Mrs. Zimmerman told Mr. Van Hecke she wanted the property to go as indicated in the deed to *Otto;* that she wanted the former to carry out her wishes, the deed not to take effect until she died, and that he acted as he supposed she desired.

Judgment was rendered in accordance with the conclusions aforesaid and defendants, *Otto Zimmerman* and wife, appealed.

For the appellants there was a brief by *F. J. & A. H. Smith* of Merrill, and oral argument by *A. H. Smith.*

For the respondent there was a brief by *Runke & Naffz* of Merrill, and oral argument by *R. B. Runke.*

MARSHALL, J.   It is conceded, as the fact is, that unless Mrs. Zimmerman delivered the deed to Mr. Van Hecke, or Mr. Braun, intending to absolutely part with control thereof so it would take effect, *in præsenti,* as her deed, but enjoyment of the property by the grantee be postponed until her death and his then coming into manual possession of ,the paper, it was of mere testamentary character and void. While a deed may be delivered by the grantor to a third person for the benefit of the grantee and possession and enjoyment by him of the property involved be postponed until the happening of some specified event, such as the death of the grantor, it is essential that the latter should absolutely part with control of the paper and that it should take effect as his deed when so delivered.   *Albright v. Albright,* 70 Wis. 528, 36 N. W. 254; *Kittoe v. Willey,* 121 Wis. 548, 99 N. W. 337; *Williams v. Daubner,* 103 Wis. 521, 79 N. W. 748; *Ward v. Russell,* 121 Wis. 77, 98 N. W. 939; *Dickson v. Bills,* 144 Wis. 171, 128 N. W. 868; *Campbell v. Thomas,* 42 Wis. 437.

This court said in *Prutsman v. Baker,* 30 Wis. 644, "An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is, that there must be a parting with the possession and of the power and control over the deed by the grantor for the benefit of the grantee, *at the time of delivery;*" and in *Williams v. Daubner, supra,* "The principle emphasized is that the delivery of the deed not being absolute, or conditional so as to be beyond the grantor's control, and the depositary being a mere agent, the instrument is revocable at ,any time before the grantor's death, and is therefore a nullity."

The trial court determined this case with a clear understanding of the law applicable thereto.   The only question

now presented is whether the findings of fact against intention to make delivery so as to pass title are against the clear preponderance of the evidence. The circuit judge, as indicated by a carefully written opinion, weighed the evidence in all its aspects and concluded that Mrs. Zimmerman intended to retain control of the deed until her death. There are many circumstances referred to in the findings tending to sustain that view. She derived her claim of title by a deed deposited by her husband with the Mr. Braun who advised her in the particular transaction, and delivered to her after the grantor's death, he, apparently, retaining control of it until that event. She purposed, as the circumstances characterizing the making and depositing of the deed in question indicated, having it dealt with in the same way. · She said to Mr. Van Hecke, as he testified, that she did not wish the deed to take effect until she died, showing that she did not have in mind a present parting with title and postponement of enjoyment by the grantee until her decease. The deed expressly provided that it should not take effect until she died. When the particular condition which moved her to make the deed no longer existed, she attempted to regain possession of it and supposed she had succeeded. Subsequently she made a will, entirely ignoring the deed. Her conduct, from first to last, rather indicates that she did not intend to part with control of the deed when she left it with Mr. Braun or Mr. Van Hecke. The fact that the latter got a different idea from the transaction is not controlling. The conduct of the grantee from the time the deed was made until some time after the will was admitted to probate, indicates that he did not suppose she had parted with control of the deed. He had notice of the probate proceedings and contents of the will and did not raise any question in respect to the matters until a late day.

The circumstances referred to and others shown by the evidence support the view of the trial court that Mrs. Zim-

merman did not part with possession of the deed with any thought of presently making the same a conveyance to the grantee named therein; that she purposed retaining competency to make some other disposition of her property in case she should desire to do so.

In view of what has been said, it is considered by the court that the record does not warrant holding that the findings of fact are contrary to the clear preponderance of the evidence. The judgment must therefore be affirmed.

*By the Court.*—The judgment is affirmed.