KOLBER and others, Respondents, vs. STEINHAFEL, imp., Appellant.

*May 11—June 21, 1926.*

*Deeds: Delivery to third person: Intention of grantor: Evidence: Language of grantor and collateral circumstances: Reservation of control by grantor.*

1. Whether a deed was delivered depends on the intention of the grantor when it was placed in the hands of another than the grantee. p. 470.

2. To constitute a delivery the deed need not come into the manual possession of the grantee, but there must be a parting with the deed by the grantor with the intent to pass title, and assent thereto by the grantee, which may be presumed from the mere beneficiary character of the transaction, subject to rebuttal by proof to the contrary. p. 471.

3. In determining whether the grantor intended to make an effective delivery, all collateral facts and circumstances as well as his language must be considered. p. 471.

4. An elderly woman who had only partially recovered from a stroke of paralysis took a deed, executed some months before, from a lock-box completely under her control, and gave it to her niece, with directions to see that it was recorded "in case anything happens to me." *Held,* that the deed was delivered so as to vest title in the grantee, especially where the niece, after the grantor became unconscious but before she died, delivered it to the grantee to be recorded. p. 473.

5. A duly executed deed, delivered to a depositary without reservation of control, with the intent that the latter is to retain

custody thereof until the death of the grantor and then de-
liver it, is the grantor's deed *in præsenti* from the time of
deposit.  p. 472.

VINJE, C. J., and OWEN and STEVENS, JJ., dissent.

APPEAL from a judgment of the circuit court for Wash-
ington county: CHESTER A. FOWLER, Judge.  *Reversed.*

This action was begun to set aside a certain conveyance
in which Theresa Bohn was named as grantor and *John C.
Steinhafel,* a grand-nephew of the grantor, as grantee, on
the ground that the grantor was mentally and physically
incapable of making any disposition of her property and
upon the ground that said deed was not in fact delivered by
the grantor to the grantee.

The court found that the deed was not induced by fraud
or undue influence; that deceased was mentally competent
at the time of the execution of the deed, but was of the
opinion that there was not a valid delivery.  Findings were
made and judgment entered accordingly, adjudging the deed
to be void, inoperative, and of no effect, from which judg-
ment the defendant *Steinhafel* appeals.

*H. H. Bodenstab* of Milwaukee, for the appellant.

For the respondents there was a brief by *W. F. Schanen*
of Port Washington and *C. E. Robinson* of West Bend,
attorneys, *Frank Bucklin* of West Bend, guardian *ad litem,*
and *M. L. Lueck* of Beaver Dam, of counsel, and oral argu-
ment by *Mr. Lueck.*

ROSENBERRY, J.  The undisputed testimony shows that
on Saturday afternoon, November 4, 1922, Theresa Bohn,
an elderly woman who had suffered a stroke of paralysis
on November 3, 1922, was being cared for by a niece, Agnes
Schneider.  On that afternoon Mrs. Bohn told Miss
Schneider to ascertain if they were alone, and then told her
to go into the front bedroom and get a box and told her
where the key to the box was.  After Miss Schneider had
brought the box and the key, Theresa Bohn asked her to

unlock it for her, which she did.   Theresa Bohn then took
out a bunch of papers which she had in the box with her left
hand.   She picked out the deed, which had been executed
by her on July 27, 1922, but kept in her possession, handed
it to Miss Schneider, and then said: "In case anything
happens to me, you see to it that the deed gets recorded."
She then put the other papers back in the box.   Miss
Schneider locked the box, returned it to its place, took the
deed and put it in the dresser drawer in the same bedroom
in which Theresa Bohn was lying.   At a later time and
without knowledge on the part of the grantor she put the
deed back in the box for safe-keeping.   On the following
Sunday night Theresa Bohn became unconscious and never
again became conscious.   About a week before the death·
of Theresa Bohn one *Kolber* was a caller at the house.   Miss
Schneider informed him that in her opinion Theresa Bohn
could live only a few days and asked what should be done
about the deed.   After some hesitation *Mr. Kolber* said
that he would see and went down to consult a Mr. Robinson,
after which he called Miss Schneider on the telephone and
told her to call up *Mr. Steinhafel*, have him come out and
have the deed recorded.   The witness was cross-examined
but adhered to her story, which, as the trial court indicated,
was very fair and impartial.   The deed was recorded four
days before the death of Theresa Bohn.   The trial court
construed the words "If anything happens to me, see that
this deed gets recorded," as meaning that if she should
shortly die from said stroke or the condition she was then
in, the niece should then have the deed recorded.   The court
held this to be a conditional delivery and therefore ineffective
to vest title in *Steinhafel*.   Looking to the language alone
there is support for that conclusion.   Whether there was
a delivery of the deed depends upon the intention of the
grantor at the time it was placed in the hands of Agnes
Schneider.

Kolber v. Steinhafel, 190 Wis. 468.

"The question as to whether any particular circumstance constitutes an efficient delivery of a deed or not turns on the intention of the parties. There need be only a parting with the paper by the grantor and the intent thereby to pass title and assent thereto by the grantee, though the instrument never comes to the latter's manual possession. His assent may be presumed by the mere beneficiary character of the transaction, subject to be rebutted by proof to the contrary." *Whiting v. Hoglund,* 127 Wis. 135, 106 N. W. 391.

In determining whether or not it was the intent of the grantor to make an effective delivery, all of the collateral facts and circumstances as well as the language of the grantor must be taken into account. Here the grantor had executed the deed some months prior to the time she placed it in the hands of Miss Schneider. She had kept it among her papers in a lock-box completely under her control. She had suffered a stroke of paralysis from which she had only partially recovered. It is apparent from the execution of the deed and its retention by her in proper form to be delivered that she intended that the title should at some time become vested in the grantee. On the afternoon in question she asked Miss Schneider to bring the papers, took the deed from the papers, gave it to Miss Schneider, returned the remainder of the papers to the box, locked it and had it returned to its former place. Miss Schneider was then left in possession of the deed. If she had had no other intention than that it should be held subject to her order and delivered only in the event of her death, she might as well have left it in the box as take it therefrom and hand it to a third party. The conduct of Miss Schneider after receiving the deed with directions from the grantor is also significant. She did not await the death of the grantor, but after she became unconscious sought out the grantee and made delivery of the deed by having it recorded, thus carrying out the direction given her by the grantor. There is not a scintilla of evidence in the case that tends to show

that the grantor had any idea of ever repossessing herself of the deed. It is quite apparent that in her judgment the time had arrived when she might well part with the title to her property and vest it in the person to whom she wished it to go. It should also be remembered that both the grantee and Miss Schneider were unlearned in the law, not familiar with the usages of conveyancing, and knew nothing about the technical legal aspects of the acts performed by them or of the words used.

This case is clearly distinguishable from *Ward v. Russell,* 121 Wis. 77, 98 N. W. 939, where the grantor delivered the deed, saying, "I suppose if I get well I can get these papers back from you," to which the grantee assented. It was held that there was not an effective delivery. The court said:

"Retention by the grantor of right of control over the papers in the possession of a depositary deprives the manual tradition of effect as a delivery. The papers are still held by the latter merely as agent for the former, and therefore in legal effect by him. Such agency is terminated by the grantor's death, and delivery thereafter to the grantee is unauthorized and of no effect." Citing *Prutsman v. Baker,* 30 Wis. 644; *Williams v. Daubner,* 103 Wis. 521, 79 N. W. 748.

The delivery of a deed duly executed by the grantor to a depositary without any reservation of control, with the intention and understanding that the depositary is to retain custody of the deed until the death of the grantor and then deliver it, makes it the grantor's deed *in præsenti* from the time of the deposit, and the depositary thereby becomes the trustee of the grantee, and the subsequent destruction by the grantor of the deed will not divest the title of the grantee. *Albright v. Albright,* 70 Wis. 528, 36 N. W. 254.

If Theresa Bohn had merely told Miss Schneider in the event of her death to get the deed out of the box and have it recorded, or had she returned it to the box which was in

fact in her own custody, a different interpretation might be placed upon her acts.  It is difficult to see what more the grantor could have done to make a complete delivery unless she had called in the grantee and personally handed the deed to him.  While the language she used, standing alone, admits of the construction placed upon it by the trial court, that construction is rebutted by all of the surrounding facts and circumstances.

There is no intention to modify the rule as to what constitutes delivery, but it is held in this case that the grantor parted with the possession of the deed and placed it in the custody of a third person with the present intent of thereby divesting herself of title to the property, making no reservations of any kind either as to its custody or final disposition other than it should be recorded at the time she died. This, under the doctrine of *Albright v. Albright, supra,* was a sufficient delivery to vest title in the grantee.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.


VINJE, C. J. (*dissenting*).  I think the trial court correctly decided the case.  The deed was handed to Miss Schneider by Mrs. Bohn with the direction, "In case anything happens to me, you see to it that the deed gets recorded." Miss Schneider testified that she understood the direction to mean that the deed was not to be put on record unless Mrs. Bohn died; and that the words "in case anything happens to me" meant in case she died.  This seems to be the only rational meaning that can be ascribed to them.  If they mean anything else than death, they are too vague and uncertain to constitute lawful conditions of delivery.  The things that may happen to one less than death are legion, and no one can tell what happening is intended to sustain delivery.  The trial court said it was his conclusion "that

Mrs. Bohn did not intend to surrender control of the deed when she handed it to her niece with directions to have it recorded 'if anything should happen' to her. Her thought doubtless was that recording the deed would make it effective, and that if she died in the immediate future from the stroke she had just received the niece would then have the deed recorded and it would become effective. But her thought also was, I think, that if she should recover from the stroke the niece would not have it recorded, as she could then attend to the recording of it herself if she should want it recorded." I think that is the proper construction to be put upon the language used by Mrs. Bohn. Certainly the acts of Miss Schneider and those who put the deed on record before Mrs. Bohn died cannot be invoked to aid a construction contrary to what Miss Schneider said she understood the directions to mean when the deed was handed to her.

I am authorized to state that Mr. Justice OWEN and Mr. Justice STEVENS concur in this dissent.