HAMBLYN, Respondent, vs. CRASE and another, imp., Appellants.

*December '9, 1927—January 10, 1928.*

*Deeds: Delivery: Intention of grantor: Findings of court: Weight on appeal.*

1. Whether a deed, supported by a good but not a valuable consideration, which was drawn by the grantor's attorney and left with and recorded by him, passed title, is a question of the intent of the grantor, to be determined from all the circumstances surrounding the transaction.  p. 630.

2. The findings of the trial judge in an action to quiet title are binding on the supreme court where there was credible evidence on either side and the great preponderance of the evidence was not against the findings.  p. 631.

3. In this case the evidence is *held* sufficient to sustain a finding of the trial judge that the grantor did not contemplate making delivery of the deed, but intended that the attorney would retain it until future directions were given him.  p. 631.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge.  *Affirmed.*

Action to quiet title.  From a judgment in favor of the

plaintiff, the defendants *Sarah Crase* and *Charles Hamblyn* appeal.

The appellants assign as errors that the evidence does not support the findings of fact, conclusions of law, or judgment.

*J. Charles Pile* of Dodgeville, for the appellants.

For the respondent there was a brief by *Priestley & Burke* of Mineral Point, and oral argument by *Thomas N. Burke.*

CROWNHART, J.   The plaintiff, the owner of eighty acres of land in Iowa county, Wisconsin, and his wife, on October 12, 1918, went to the office of John B. Reynolds, an attorney, in Mineral Point, and directed him to draw a deed to the north forty acres of the property in dispute, conveying a remainder in fee to *Sarah Crase* and *Charles Hamblyn,* sister and brother of the plaintiff, reserving to himself and his wife a life estate therein.   At the same time he directed the attorney to draw a deed conveying the remaining forty acres of his real estate to his wife, reserving to himself a life estate therein.   Mr. Reynolds drew the deeds, and the deed here in dispute was left with Mr. Reynolds and by him recorded in the office of the register of deeds November 6, 1918.

The litigated issue turns on whether the conveyance to the defendants was intended for delivery to defendants by the attorney, or whether it was to be retained by him until further directions from the plaintiff.   It is the contention of the plaintiff that the deed was to be retained by the attorney until further directions, and if such directions should not be given it was to be destroyed by such attorney. The defendants contend that the deed was intended as a present delivery of title, and that delivery was complete when the deed was recorded.

There were only two witnesses to the transaction alive at the time of the trial, and they were plaintiff and his wife.

The attorney, a witness to the deed, died a couple of years preceding the trial, and the other witness to the deed was not present at the transaction otherwise than as a witness to the signature.

The evidence is not very satisfactory. The plaintiff seems to have been unfamiliar with business transactions and rather simple minded. He was examined adversely before trial, and from his testimony at that time it fairly might be inferred that the attorney carried out his wishes as directed. On the trial his testimony was changed, so that his testimony and that of his wife was to the general effect that the attorney was to keep the deed for further instructions, or if such were not given he was to destroy the deed. His wife was more intelligent and discriminating in her testimony than the plaintiff. Both claimed that there was to be no delivery of the deed until plaintiff should later consent.

There was a good consideration for the deed, but no valuable consideration passed. At the time the deed was made, plaintiff was in ill health and did not expect to live long. The appealing defendants knew nothing about the transaction until they were served with summons in this action, and plaintiff did not know of the recording of the deed until shortly before commencement of the action. He first learned of the deed being recorded after he had conveyed the land to another party. The land then was reconveyed to plaintiff. He never surrendered possession of the premises, but he and his wife lived thereon continuously all the time.

The question before us is one of fact rather than of law. It is a question of intent. The law applicable to the facts in this case is well settled. Where a deed is given into the hands of a third party, whether it is to be treated as a conveyance passing title is a question of the intent of the grantor, to be determined from all the circumstances surrounding the transaction. *Kittoe v. Willey,* 121 Wis. 548,

99 N. W. 337; *Chaudoir v. Witt*, 170 Wis. 556, 170 N. W. 932, 174 N. W. 925; *Padden v. Padden*, 171 Wis. 212, 177 N. W. 22; *Kolber v. Steinhafel*, 190 Wis. 468, 209 N. W. 595.

The county judge was in a better position to judge of the intent than is this court. There was credible evidence from which he could find either way, and in such a case we are bound by his findings of fact, unless the great preponderance of the evidence is to the contrary. He found in favor of the plaintiff, and the judgment cannot be disturbed.

*By the Court.*—The judgment of the county court is affirmed.