STEUERWALD, Appellant, vs. STEUERWALD and others, Respondents.

*April 2—May 8, 1928.*

·*Deeds: Delivery: Deed deposited in lock-box of grantor: Evidence: Sufficiency.*

1. A mother executed a deed to her son and advised him of that fact by letter, but the deed was deposited in a lock-box in a bank. Subsequently she executed her will reciting she had given property to her children, and not mentioning this property. Intermediate the execution of the deed and the will the son and mother visited the lock-box, and there was testimony that the mother delivered the deed to the son, who said it might stay where it was. *Held*, that there was a valid delivery of the deed to the son during the lifetime of the mother. p. 592.

2. In an action to have the deed declared void, the question of the intent of the grantor as to delivery, being of controlling weight, is to be gathered from all the evidence. p. 593.

3. Where there is sufficient evidence to support the conclusion of the trial court, it will not be overturned by the supreme court on appeal. p. 593.

APPEAL from a judgment of the circuit court for Milwaukee county: G. N. RISJORD, Judge. *Affirmed*.

This action was commenced April 24, 1924, to have declared void a deed dated and acknowledged in 1914, from Anna Steuerwald to defendant *Fred C. Steuerwald*.

Trial was on April 15th, and July 16, 1927, judgment was entered dismissing the complaint, from which judgment plaintiff appeals.

From 1891 on, Anna Steuerwald, the mother of the plaintiff, the respondent, and several others of the defendants, owned a lot of nineteen and one-half foot frontage with a store building thereon on the south side of the·city of Milwaukee. The premises were worth between $2,000 and $3,000 and rented for about $30 a month.

In January, 1914, Anna Steuerwald, then residing in California, made two deeds, one of property in California, and the other of the property here involved, naming the defend-

ant *Fred C. Steuerwald* grantee in each. The deed here in question was acknowledged March 16th, and on March 31st Anna Steuerwald wrote to *Fred C.*, at Huron, South Dakota, where he resided, a letter reading as follows:

"My dear Son Frade

"It is along taim sins i haw and hard from you wal main Dear boy I sant you Dar Deeds too Wolsey too chenoweths and put at in my priwate box for safekeeping and record it after i am death and you haw to pay all deps that I owing and all funeral expenses and my boday is going to be laid to rest to Port Washington that is my last wishes   your mamma   ANNA STEUERWALD."

The expression "Dar Deeds" refers to the deed in question; Wolsey was a town in South Dakota where she and her sons did business, and "chenoweths" referred to the bankers there. The letter, received by *Fred C.* about April 6th, did not contain the deed.

On August 13, 1917, Anna Steuerwald made her will, apparently executed in South Dakota, where it was subsequently probated, but reciting her residence as in California. She made therein no disposition of any real estate and gave all her personal property to *Fred C. Steuerwald,* and also recited, "This will is made after having given each of my other children and heirs their shares of my property." In March, 1921, Mrs. Steuerwald and the defendant *Fred C.* went to the bank at South Dakota, where the deed in question had been kept since 1914, and there, in the presence of Van Meter, a bank official, the lock-box was opened, and on first search the deed to the California property was disclosed but not the Milwaukee deed. Thereupon Mrs. Steuerwald requested Van Meter to draw another deed of this property, but then the deed of 1914 was found in the box. Van Meter testifies that the mother then handed the two deeds to the son *Fred C.*, saying, "Here they are, *Fred,*" the latter taking them from the mother and then placing them back in the same box, saying, "We'll just put them back in the box, Mother." It appears that the mother had retained the key

to this particular box for some time and kept other papers therein. The defendant *Fred C.* testified that he also had a key to the box and had access thereto, but kept in it no other papers of his than this deed. The fact of his having a key was denied by the plaintiff. The real-estate agent who had looked after this property, collected the rent, and remitted the proceeds to Mrs. Steuerwald, continued so to do after March, 1914, and until her death, January 1, 1923. This safety-deposit box was then opened in the presence of the plaintiff and the defendant *Fred C.* and the papers withdrawn, each then taking such as each claimed belonged to him, the defendant *Fred C.* taking this deed and recording it in Milwaukee county January 19, 1923. Subsequently litigation was had in South Dakota concerning transactions in 1909 with reference to the home farm there, which prior to that year had been managed by the mother, the plaintiff, and *Fred C.* Subsequently the plaintiff asserted the claim that there had been no consideration for and no sufficient delivery of the deed of 1914 and asking that the same be held null and void.

The other children and heirs of Anna Steuerwald were made parties defendant because they refused to join as plaintiffs, but they made no appearance.

For the appellant there was a brief by *Roehr & Steinmetz* of Milwaukee, and oral argument by *Chris Steinmetz.*

*Norman L. Baker* of Milwaukee, for the respondents.

ESCHWEILER, J. The trial court found as a fact that there was a delivery by Mrs. Steuerwald of the deed in question to the defendant *Fred C. Steuerwald* and as a consequent conclusion of law that he became the owner of such premises prior to the death of the mother, and that the plaintiff has no interest in the property.

Plaintiff appellant urges that the testimony does not warrant such finding within the requirements of the law as to a sufficient present delivery of a deed to pass title, and that

at most, especially in connection with the letter of the mother quoted above; the retaining control over the property; the collecting the rents during the balance of her lifetime, all indicated a testamentary disposition only of the property.

While the facts presented and the expressions in the quoted letter might well support a reasonable inference that the mother intended to make as to this property but a testamentary disposition, which, of course, would have to fail for want of a proper manner of execution (*Zimmerman v. Zimmerman*, 165 Wis. 146, 150, 161 N. W. 369), yet, on the other hand, Van Meter's testimony as to the transaction between the mother and son at the bank some seven years after the deed had been sent there, the recitals and omissions in her will, executed three years after the making of the deed, so evidently recognizing that she had already parted with the title to any real estate she might have theretofore possessed; the expression in the will as to having made a prior distribution of her property, well support the conclusion reached by the trial court that there was, during her lifetime, an express and consummated intention to presently pass the title in this property to the defendant, and we feel that such conclusion cannot now be disturbed.

There is a clear distinction between the facts here and those shown in the case relied upon by appellant of *Darling v. Williams*, 189 Wis. 487, 207 N. W. 255, where the daughter there named as grantee objected to taking title and wanted the deed left with the bank and where it remained under the exclusive control of the mother. Neither does the cited case of *Ward v. Russell*, 121 Wis. 77, 98 N. W. 939, control, where, from the statements made by the grantor, there was evidently an intention to retain dominion over the deed, making a gift *causa mortis* only, and therefore, for want of a present delivery, the deed was held ineffective.

The cases from other jurisdictions cited by the appellant are not in point here.

Where the question of the intent of a grantor is of such

controlling weight in transactions of the kind as held in many cases, such as *Hamblyn v. Crase*, 194 Wis. 628, 217 N. W. 311; *Kolber v. Steinhafel*, 190 Wis. 468, 471, 209 N. W. 595; *Giblin v. Giblin*, 173 Wis. 632, 636, 182 N. W. 357; *Jones v. Caird*, 153 Wis. 384, 141 N. W. 228; *Cales v. Dressler*, 315 Ill. 142, 149, 146 N. E. 162; *Stalting v. Stalting* (S. Dak.) 217 N. W. 386, and such intent is to be gathered from all the evidence, we are satisfied there was sufficient support in the record for the trial court's conclusion, and it cannot be now overturned.

*By the Court.*—Judgment affirmed.