PROSSER and others, Appellants, vs. NICKOLAY, Respondent.

*May 22—June 22, 1946.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton* and *Mr. Homer H. Benton.*

For the respondent there was a brief by *Bradford & Derber* of Appleton, and oral argument by *Allen S. Bradford.*

RECTOR, J. The appellants submit two contentions against the validity of the conveyance: (1) The execution of

the instrument was a nullity in that no description was contained therein at the time and could not thereafter be inserted pursuant to parol authority; (2) there was no valid delivery prior to the grantor's death.

In support of their first contention the appellants cite an imposing array of authorities. They are from other jurisdictions, however, and are not in accord with the rule in this state. Our cases hold that parol authority may be given to complete a· conveyance by later inserting a material portion omitted at the time of execution and acknowledgment, and that when it is inserted no further execution is required. *Friend v. Yahr* (1905), 126 Wis. 291, 104 N. W. 997; *Van Etta v. Evenson* (1871), 28 Wis. 33.

Our decisions likewise dispose of the second contention. It is clearly established that a deed delivered to a third person with instructions to record it and deliver it to the grantee after the grantor's death becomes effective upon delivery to the third person who thereafter holds as trustee for the grantee. *Lawrence v. Children's Home & Aid Society* (1939), 231 Wis. 44, 285 N. W. 415; *Hamblyn v. Crase* (1928), 194 Wis. 628, 217 N. W. 311; *Kolber v. Steinhafel* (1926), 190 Wis. 468, 209 N. W. 595; *Albright v. Albright* (1888), 70 Wis. 528, 36 N. W. 254. We may concede that had the grantor, Jacob Nickolay, died before completion of the conveyance by his attorney, Michael Burns, a question might have arisen as to whether Burns' authority to complete the conveyance extended beyond Jacob Nickolay's death. The conveyance was completed prior to his .death, however, and no such question is presented. After the deed had been properly completed by Mr. Burns the transfer of title was just as effectual as it would have been had he been delivered a fully completed instrument in the first instance.

The appellants argue that the parol authority given to Mr. Burns could have been revoked by the grantor and that consequently the grantor had not absolutely parted with control of the deed. They reason from this premise that there was no

complete delivery prior to the grantor's death. Compare *Ward v. Russell* (1904), 121 Wis. 77, 98 N. W. 939; *Zimmerman v. Zimmerman* (1917), 165 Wis. 146, 161 N. W. 369; *Williams v. Daubner* (1899), 103 Wis. 521, 79 N. W. 748; *Prutsman v. Baker* (1872), 30 Wis. 644. This argument overlooks the important fact that the deed was completed by Mr. Burns prior to the grantor's death. After the completion any revocation of his authority to act in that behalf was out of the question.

*By the Court.*—Judgment affirmed.