PADDEN, Appellant, vs. PADDEN and another, Respondents.

*March 9—April 6, 1920.*

*Deeds: Deposit with third person for record and delivery after grantor's death: Intention of grantor.*

1. In an action to set aside a deed, the fact that the grantor, after signing the deed, handed it to a third person with instructions to keep it and not record it or deliver it to the grantee until after the grantor's death, is *held* not to show delivery of the deed with an intention of parting with title and control of the lands.
2. Without an intention to transfer title, none passes by the mere execution of a deed and handing it to a third person to be held subject to the control of the grantor.

APPEAL from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Action to set aside a deed from *Michael Padden* to *John J. Padden* of forty acres of land claimed previously to have been conveyed by *Michael Padden* to the plaintiff, and for the quieting of plaintiff's title as against any claim of *John J. Padden.*

*Michael Padden* is the father of *John J. Padden, James Padden,* and of the plaintiff. On or about November 15, 1916, he was the owner of eighty acres of land. He executed a deed to forty acres thereof, naming plaintiff as grantee, and a deed to the other forty acres, naming *James Padden* as grantee. The deeds were drawn by one Hughes, who had from time to time transacted some business for the

grantor, and they were handed to and kept by him. The trial court found that

"at the time the deed was so handed to said Hughes it was understood between said *Michael Padden* and said Hughes, according to instructions then given by said grantor, that said Hughes should keep said deed subject to further order of said grantor and that said Hughes should not record said deed, but that in case said grantor should give no further directions in regard thereto in his lifetime, then the said Hughes should deliver the same to the plaintiff after the death of said grantor, *Michael Padden.* That at the time of the execution of said deed and the delivery thereof to said Hughes as aforesaid, the said grantor, *Michael Padden,* had no intention of presently transferring the title in said premises to the plaintiff, but that his intention at the time was that such deed should operate as a testamentary document only, and should have no effect during his lifetime. That there was no consideration for the execution of said deed except natural love and affection between grantor and grantee therein as father and son."

A like finding was made in the case of *James Padden.* *Henry* and *James Padden* had used and occupied as pasture their respective forty-acre tracts for many years prior to the execution of the deeds to them, and *Henry Padden* had made improvements in the way of fencing and digging a well on his forty.

On August 20, 1918, *Michael Padden,* for a consideration of $1,500, executed and delivered a warranty deed of the said eighty acres to the defendant *John J. Padden* with the intention of conveying title thereto to him.  As an additional consideration *John J. Padden* agreed to pay *Henry Padden* for the improvements he had made on the forty acres occupied by him, which the court found were of the value of $600.

The court held that the deed to plaintiff conveyed no title to him because never delivered with intent to do so; that title was in *John J. Padden* subject to a lien of $600 in favor

of *Henry Padden* for improvements made on the land. From a judgment entered accordingly plaintiff appealed.

For the appellant there was a brief by *Varnum & Kirk* of Hudson, and oral argument by *W. R. Kirk* and *N. O. Varnum.*

For the respondents there was a brief by *McNally & Doar* of New Richmond, and oral argument by *W. T. Doar.*

VINJE, J.   The appeal presents a question of fact only: Did *Michael Padden* deliver the deeds to Hughes with the intention of parting with all control over them and with the title to the land?   On this subject he testifies that he gave the deeds to Hughes with instructions to keep them with other papers he held for him; that the land was his as long as he lived, and that the deeds should not be recorded in his lifetime; that later on he withdrew the deeds from Hughes and deeded the land to *John J. Padden* for a cash considera- tion of $1,500 and an agreement on the part of the grantee to pay *Henry Padden* for his improvements.   Hughes' testimony is to the same effect, and in addition he testified that when the deeds were executed *Michael* said he had given away so much of his property that he was not going to give away any more, and cautioned him three or four times not to record them.   There is also testimony that the grantees sought to have Hughes record the deeds, but that he refused.   There is no evidence to contradict the state- ments of *Michael Padden* and Hughes except such inferences as may be drawn from the fact that the deeds were exe- cuted and left with Hughes and the fact that the grantees continued to use the lands till they were deeded to *John J. Padden,* and some statements made by the grantor that the grantees would eventually get the lands.   In this state of the record the findings of the trial court must be sustained because they conform to the clear preponderance of the evidence.   Without an intention to transfer title, none passes by the mere execution of a deed and delivery thereof

to a third party to be held ·subject to the control of the grantor. *Prutsman v. Baker,* 30 Wis. 644; *Butts v. Richards,* 152 Wis. 318, 140 N. W. 1.

*By the Court.*—Judgment affirmed.

For the appellant there was a brief by *Varnum & Kirk* of Hudson, and oral argument by *W. R. Kirk* and *N. O. Varnum.*

For the respondents there was a brief by *McNally & Doar* of New Richmond, and oral argument by *W. T. Doar.*

