AVERY *v.* CONSUMERS POWER CO.

1. DEEDS—RAILROADS—REVERSION—CONDITION SUBSEQUENT.
  Deed conveying strip of land for electric railway purposes, with reversion clause in case of abandonment for purpose granted, conveyed fee upon condition subsequent.

2. SAME—CONDITION SUBSEQUENT—RESERVATION.
  Condition subsequent annexed to fee of real estate can be reserved only to the grantor and his or her heirs.

3. SAME—REVERSION—EXTINCTION BY ATTEMPTED CONVEYANCE.
  Right or possibility of reverter belonging to grantor on condition subsequent is extinguished by conveyance thereof by deed to a third person before entry for breach of condition; even though such conveyance be to children of grantor who become his heirs upon his death.

4. SAME—DELIVERY—ESCROW.
  Deposit by grantor with a third person of deed to be delivered to grantee after death of grantor, the latter reserving no further control over instrument, is a complete delivery and an immediate estate is vested in grantee.

Appeal from Jackson; Simpson (John), J. Submitted January 4, 1934. (Docket No. 65, Calendar No. 37,541.) Decided March 6, 1934.

Ejectment by Mary Vinnie Avery and Elmer K. Avery against Consumers Power Company, a Maine corporation. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Frank L. Blackman,* for plaintiffs.

*Bisbee, McKone, Wilson & King,* for defendant.

BUTZEL, J.   In 1901 Abraham Avery and Frances A. Avery, his wife, deeded to William A. Boland a strip of land two rods in width from their farm in Jackson county, Michigan, the deed containing the following condition:

"In the event of the abandonment of this strip for electric car line for a period of two years, same shall revert to the grantors, their heirs and assigns."

Shortly thereafter an electric railroad was constructed and maintained until 1929, when it ceased operating.

In 1908, Frances A. Avery, as survivor of herself and Abraham Avery, conveyed the entire farm to Mary Vinnie Avery and Elmer K. Avery, two of her children, the deed containing the following exception:

"Excepting the rights of the Jackson & Battle Creek Traction Company in their right of way across said land, or the successors of said company."

It also contained the further provision:

"This conveyance is to take full force and effect only upon the decease of the said first party."

Frances A. Avery died February 8, 1926, leaving as heirs Mary Vinnie Avery and Elmer K. Avery, the plaintiffs, and Eli A. Avery. In the probate proceedings, the farm thus deeded to the plaintiff was not listed among the assets of the estate. Upon the death of Mrs. Avery the deed to Vinnie Avery and Elmer K. Avery was recorded, and the latter, claiming under said deed, have brought ejectment proceedings against the Consumers Power Company, which acquired the above-mentioned strip of land

by mesne conveyances, after it had ceased to be used for an electric car line.

The clause in the first deed providing for a reverter in the event of the abandonment of the electric car line for a period of two years, has been construed in *Rhines* v. *Consumers' Power Co.*, 259 Mich. 236, to be a condition subsequent. In the instant case, the trial court held that plaintiffs could not maintain the action because they had never held title to the strip of property, for in the deed by virtue of which they assert their claim, Frances A. Avery expressly excepted the right of way of the railroad; further, that they could not claim for breach of the condition subsequent because they were not claiming as heirs of Frances A. Avery and Abraham Avery, and at the time their deed took effect, on February 8, 1926, the railroad company had not yet abandoned the right of way. For these reasons a verdict was directed for defendant.

When Frances A. Avery, by her deed to the plaintiffs, attempted to convey to them the right of reverter before breach, that right was destroyed. A condition subsequent annexed to real estate can be reserved only to the grantor and his or her heirs. In *County of Oakland* v. *Mack,* 243 Mich. 279, the question is carefully discussed, the court in its opinion quoting with approval from the syllabus in *Rice* v. *Railroad Co.,* 12 Allen (94 Mass.), 141 (90 Am. Dec. 141), as follows:

"The right or possibility of reverter which belongs to a grantor of land on condition subsequent is extinguished by a conveyance thereof by deed to a third person before entry for breach of condition; even though such conveyance be to a son of the grantor, who upon the grantor's death becomes his heir."

It has been settled beyond any question in this jurisdiction that a deed attempting to convey the right of reverter before breach not only conveys nothing, but destroys the right which it attempts to convey. *Halpin* v. *Rural Agricultural School District,* 224 Mich. 308 (1923), and *Fractional School District* v. *Beardslee,* 248 Mich. 112 (1929).

The rule that the right to a reverter upon the breach of a condition subsequent is lost upon conveyance of the property with the right of reverter prior to the breach, is of ancient lineage. Although its origin has not been definitely determined, it is found in 1 Sheppard's Touchstone (1651), chap. 6, p. 158, and has appeared in all the treatises on the common law since then. Coke in 2 Coke on Littleton, p. 214 (a), describes as the reason for the rule the policy of the law to prevent champerty and maintenance. Other authorities claim, however, that it originated in the doctrine of the earlier common law that choses in action were strictly personal obligations which, in the very nature of things, could not be assigned. See, "Mystery of Seisin," Maitland, 2 Law Quarterly Review, p. 481; "The Disseisin of Chattels," Ames, 3 Harvard Law Review, p. 337. Notwithstanding the contention that the rule is illogical and unjust, it has been almost universally adopted by all the courts in this country, and is a rule of property which it is our duty to maintain. For a very complete history and discussion of the rule see L. R. A. 1916F, 311.

We do not find any merit in appellants' contention that the contract contained in the deed to Boland provided for the reversion to the grantors and their heirs. The case is governed by *Halpin* v. *Rural Agricultural School District, supra,* in which the rule was applied to a similar provision in the con-

veyance. Nor do we believe the fact that the two plaintiffs are also heirs of Frances A. Avery changes the situation. They claim rights as grantees under the deed, which acted as a conveyance passing a present vested interest in the land. It has been repeatedly held that when a grantor deposits a deed with a third person to be delivered to the grantee after the death of the grantor, the latter reserving no further control over the instrument, there is a complete delivery, and an immediate estate is thereby vested in the grantee. See, *Peterson* v. *Bisbee,* 191 Mich. 439; *Cook* v. *Sadler,* 214 Mich. 582; *Lapham* v. *Lapham,* 239 Mich. 237; and decisions cited in 52 A. L. R. 1247.

The judgment is affirmed, with costs to appellee.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.