HEINECKE v. PORTUS.

1. DEEDS—DELIVERY TO THIRD PERSON—DEATH OF GRANTOR—INTENT.
   A valid delivery of a deed is effected where facts and circumstances show that grantor had an intent to part with control of the deed in handing it to a third person for delivery to grantee after the grantor's death even though grantor intended to retain possession of the premises during her lifetime.

2. SAME—DELIVERY—GRANTOR'S RELINQUISHMENT OF CONTROL—EVIDENCE.
   Testimony that grantor directed a friend who attended her during her last illness to hide deed, take care of it and not allow anyone else to get it and put it on record after grantor, then suffering from cancer, had passed on *held*, convincing that she intended to relinquish all control over it.

3. SAME—DELIVERY TO THIRD PERSON—CONVEYANCE IN PRAESENTI.
   The delivery of a deed by a grantor to a third party to be by him delivered to the grantee after the grantor's death is valid, conveys the fee and operates as a conveyance *in praesenti* though the enjoyment is postponed until the grantor's death.

4. SAME—DELIVERY TO THIRD PERSON—EVIDENCE.
   The fact that the third person to whom a grantor delivered deed for delivery to grantee after grantor's death testified that the deed would have been returned by such third person to the grantor had the grantor requested it does not alter the effectiveness of the delivery where it appears the grantor relinquished all control over it.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 9, 1941. (Docket No. 27, Calendar No. 41,715.) Decided December 2, 1941. Rehearing denied February 11, 1942.

Bill by Evelyn B. Heinecke against Frank Portus to set aside a deed. Decree for plaintiff. Defendant appeals. Reversed.

*Robert D. Heitsch,* for plaintiff.

*Donald C. Porritt,* for defendant.

BUSHNELL, J. Plaintiff, the daughter of Anna M. Isbell, deceased, is the administratrix of her estate and her sole heir at law.

On March 19, 1940, Mrs. Isbell executed a deed to certain property then occupied by her in the city of Pontiac naming defendant Frank Portus as the grantee. Mrs. Isbell died on April 21, 1940. Some two weeks before her death she gave this deed to a friend, Mrs. Christina Siminton, who attended her during her last illness. At the same time she gave Mrs. Siminton the recording fee and told her that, after she was gone, she wanted the deed put on record. Mrs. Siminton suggested that she should give the deed to someone in the family, but Mrs. Isbell said she did not want to do that. Mrs. Siminton recorded the deed on April 23d, two days after Mrs. Isbell's death.

Mrs. Siminton was asked on cross-examination whether she would have given the deed back to Mrs. Isbell if Mrs. Isbell had asked for it, and she said that she would have done so. However, there is nothing in the record to indicate that Mrs. Isbell ever suggested that she might ask for the return of the deed.

Mrs. Isbell had handled real estate for defendant Portus. There is some testimony in the record which suggests that the property in question actually belonged to Portus, but that he permitted Mrs. Isbell to occupy it during her lifetime.

The trial judge held that the action of Mrs. Isbell was testamentary in character, citing *Hynes* v. *Halstead,* 282 Mich. 627, and entered a decree cancelling the deed.

Defendant contends on appeal that the trial court was in error in denying his motion to dismiss at the close of plaintiff's case, in excluding certain testimony regarding the execution and delivery of the deed and in denying defendant's motion for new trial. The controlling question, however, is that of delivery of the deed. If the facts and circumstances show that it was Mrs. Isbell's intent to part with control over the deed even though she intended to retain possession of the premises during her lifetime, there was valid delivery. The testimony that Mrs. Isbell directed Mrs. Siminton to hide the deed and take care of it and not allow anyone else to get it, and to put it on record after she had passed on, is convincing that she intended to relinquish all control over it.

The court said in *Avery* v. *Consumers Power Co.*, 265 Mich. 696:

"It has been repeatedly held that when a grantor deposits a deed with a third person to be delivered to the grantee after the death of the grantor, the latter reserving no further control over the instrument, there is a complete delivery, and an immediate estate is thereby vested in the grantee. See *Peterson* v. *Bisbee*, 191 Mich. 439; *Cook* v. *Sadler*, 214 Mich. 582; *Lapham* v. *Lapham*, 239 Mich. 237; and decisions cited in 52 A. L. R. 1247."

*Hynes* v. *Halstead, supra,* is distinguishable. In that case the grantor expressly reserved the right to recall the deed. The party to whom the deed was given testified that:

" 'Mr. Hynes gave me the deed to give to Ward Halstead when he died, unless he should ask for it back,' and, on cross-examination, he testified, 'He told me, Mr. Cummings told me that the understanding with Bill was that any time Bill wanted that deed back he could get it.' "

There is a distinction between a grantor's retention of control over his property and retention of control over his deed. As stated in *Meech* v. *Wilder,* 130 Mich. 29:

"It is the well-established rule in this State that the delivery of a deed by a grantor to a third party, to be by him delivered to the grantee after the grantor's death, is valid. It conveys the fee, and operates as a conveyance *in praesenti,* though the enjoyment is postponed until the grantor's death."

Mrs. Isbell sought to accomplish what the grantor in the *Meech Case* did accomplish, namely, to convey the property and yet retain possession of it until her death. The fact that Mrs. Siminton testified that she would have returned the deed to Mrs. Isbell if she had requested does not alter the situation. As was said in *Loomis* v. *Loomis,* 178 Mich. 221:

"The fact that Stacey testified that, if she had called for it during her lifetime, he would probably have surrendered it to her, has no bearing upon the question. That conclusion of the witness was based upon nothing that was said by her at the time the deposit was made. From what she said at that time the witness understood (and, we believe, rightly understood) that she was making a final and irrevocable disposition of the property in the deed."

In that case the court also said:

"This court has consistently held that, where a grantor makes a deed to another and deposits the deed with a third party to be held by such third party until the grantor's death and to be then delivered to the grantee named in the deed, the grantor reserving no dominion or control over the deed during his lifetime, a valid delivery is thereby made, and an immediate estate is vested in the grantee subject to a life estate in the grantor."

See, also, authorities therein cited.

To paraphrase *Jenkinson* v. *Brooks*, 119 Mich. 108, we think it entirely clear that Mrs. Isbell (then suffering from cancer), recognizing that death was near, intended this disposition of her property to be final, and she intended to place the deed in the hands of Mrs. Siminton without any idea of recalling it or making any other disposition of her property. The fact that she retained possession of the property until her death is not inconsistent with the act of delivery.

The decree entered by the trial court is vacated and one will be entered here in conformity with this opinion. Costs to appellant.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.