No. 39,997

CLISTA HICKLIN and FRANCES SPURGIN, *Appellants,* v. HARRY E. DEVORE and ALMA DEVORE, *Appellees.*

(295 P. 2d 668)

Opinion filed April 7, 1956.

*Clark Howerton,* of Garnett, argued the cause and was on the briefs for the appellants.

*Bert L. Woods,* of Garnett, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This was an appeal from the final judgment of the trial court refusing to set aside a deed and holding that there was a good delivery of the deed.

The pleadings in the case consisted of a petition, answer, and reply, which put delivery of the deed in question, along with other matters not involved in this appeal.

Briefly stated, the salient facts were that Mary F. Beauchamp, hereinafter referred to as the grantor, owned a certain quarter section of land in Anderson county; she was a widow and had no living children; while the record is silent as to her age, counsel agreed that at the time of execution of the deed she was in her seventies; sometime between the dates of April 10, 1952, and April 17, 1952, she called on Fred A. Coleman of Garnett, who was a long-time friend, advisor, and agent, regarding her property and the income from it; at that time she inquired as to ways of transferring her property; he explained it could be done by deed with reservation of a life estate, or by will; on April 24, 1952, the grantor returned to Mr. Coleman's office and stated that she wanted a straight deed to Harry (her brother and appellee herein); Coleman prepared a general warranty deed and she executed it; the deed was placed in an envelope and handed back to her; she returned it to Coleman with instructions that it be put in his safe and kept, and if Harry came down, to give it to him, but if he did not and Coleman heard that anything had happened to her, then Coleman was to take the deed over and record it; Coleman testified that he considered this as an escrow agreement and he would not have returned the deed to grantor unless Harry were present and consented so there would be no misunderstanding; the grantor exercised no further control over the property and the tenant paid no rent to her after April 24, 1952; grantee exercised no control over the land at any time prior to grantor's death.

On or about April 28, 1952, a letter was written by grantor to grantee, an excerpt of which is as follows:     · . .

"Dear Brother and sister, I was glad to get your letter, I can not find it and I presume if there were any questions in it, they won't be answered. I have gone and done it, it was hard for me to ·go up stairs to᾿ Fred Colemans Office but anyhow I might not come out of the next spell I have. I have asked Fred if I should need an attorney to fix up that deed and he said that he could, so I just let him and he never charged me one cent. So when I am

gone Harry go to Fred's Office as it is locked in his safe. He asked me if I wanted to keep it myself but I told him I would rather he would. . . ."

This letter was received in due course by appellees at their home in Franklin county. Harry had not been to grantor's home after April 28, 1952, until he and his wife, Alma, learned of grantor's illness on or about June 19, 1952. They took grantor to their home but on doctor's orders removed her to the hospital in Ottawa where she died on June 29, 1952, leaving as survivors Harry DeVore, a brother, and the two appellants, her nieces. On June 30, 1952, Alma DeVore called Mr. Coleman and advised him of grantor's death and he recorded the deed at 8:45 on the same day. By the time of grantor's death grantee knew about the deed.

Appellants filed this action to set aside the deed on the grounds that there was no delivery thereof under the law and the appellees answered, asking that their title be quieted.

The trial court wrote a memorandum opinion wherein it set out substantially the above stated facts and concluded that judgment should be for appellees, quieting title in Harry, grantee of the deed.

Both parties admit there must be delivery of a deed during the life of a grantor before that deed becomes effective so we will not dwell on that point.

Nothing is to be gained, nor is it required by this case, that we go into all the several ways that a deed can be delivered. The only crucial question here is whether the acts of the grantor and the surrounding circumstances were such that it is legally proper to say there was delivery of the deed during the grantor's lifetime so that title was intended by the grantor to pass to the grantee therein.

*In re Estate of Hulteen,* 170 Kan. 515, 227 P. 2d 112, was cited by both parties in this case and in view of the similarity of facts there and those in the case before us now, we are bound by the rule pronounced therein and we adhere thereto. In that case the grantor delivered a deed to a real estate agent to be put in his safe until the grantor was gone. Then it was to be given to a church. Approximately one year and eleven months later the grantor died. The church was advised of the deed, recorded it, and went into possession of the property. During the one year and eleven months between execution of the deed and his death, the grantor retained possession of and farmed the land. This

court in that case fully and clearly covered the issue and the authorities which determined it. (p. 519.) The Hulteen case stated that at no time did the grantor exercise any control or authority over the deed nor was his control over the property or the collection of rents and profits inconsistent with passing title upon the delivery of the deed to the real estate agent. As there determined, the actual test of the intent of the grantor by his actions was not whether he retained possession of the property but whether he retained possession of the deed.

It seems to us our case when considered in the light of the facts iterated and the conclusion in the Hulteen case is even a stronger basis for the rule of law therein contained. Here delivery of the deed by the grantor to Mr. Coleman was a valid delivery at the time and vested title to the property in Harry E. DeVore, the grantee named in the deed.

The judgment is affirmed.