RITCHIE, Plaintiff and Respondent, v. DAVIS, Defendant and Appellant: COTTER and wife, Impleaded Defendants and Respondents: DAVIS, Executrix, and others, Impleaded Defendants and Appellants.

*February 3—March 2, 1965.*

For the appellants there were briefs by *McLeod, Donohue & Colwin* of Fond du Lac, and oral argument by *Raymond R. Colwin.*

For the respondents there was a brief by *Callahan, Arnold & Van Metre* of Columbus, and oral argument by *Carroll B. Callahan.*

CURRIE, C. J. Appellants' brief states that the sole issue on this appeal is whether the June 7, 1955, deed from Davis to the two Cotters and to Ritchie constituted an irrevocable conveyance or an attempted testamentary disposition. It is appellants' contention that the delivery to Cotter was as agent for Davis, was revocable, and, therefore, was an ineffective testamentary disposition. The trial court, however, found it was Davis' intent at the time of delivery of the deed to Cotter that title then pass to the grantees.

There are many cases which have been decided in this and other jurisdictions involving the delivery of a deed by the grantor to a third person with instructions to deliver it to the grantee or to record it after the death of the grantor. Here, however, we have the unusual circumstance that the person to whom the grantor made the delivery was also named as one of the grantees. We will first consider the problem as if the plaintiff Ritchie had been the sole grantee. It was clearly Davis' intention that Ritchie should have the hotel property after Davis' death and the naming of Cotter and his wife as cograntees was merely a device which Davis thought would insure that result.

The general rule is that the deposit of a deed with a third person for delivery to the grantee on the grantor's death will operate as a valid transfer as of the time of the first delivery, provided the grantor intends irrevocably to vest title in the grantee and surrenders control over the deed. 3 American Law of Property, p. 318, sec. 12.67; 8 Thompson, Real Property (1963 Replacement), p. 50, sec. 4232; 4 Tiffany, Real Property (3d ed.), pp. 246, 247, sec. 1054; 16 Am. Jur., Deeds, pp. 517, 518, sec. 143; Kerchner, Delivery of Deeds to be Effective on Death of Grantor, 43 Dickinson Law Review (1939), 188, 190; and Anno. 52 A. L. R. 1222. Wisconsin cases which have applied this general rule and have found the deed was effective as of the time of delivery to the third person are: *Prosser v. Nickolay* (1946),

249 Wis. 75, 23 N. W. (2d) 403; *Lawrence v. Children's Home & Aid Society* (1939), 231 Wis. 44, 285 N. W. 415; *Kolber v. Steinhafel* (1926), 190 Wis. 468, 209 N. W. 595; *Albright v. Albright* (1888), 70 Wis. 528, 36 N. W. 254. However, where it is agreed that the third-person custodian is to hold the deed subject to the control of the grantor, title does not pass at the time of deposit with the custodian. *Padden v. Padden* (1920), 171 Wis. 212, 177 N. W. 22.

In the instant case the instructions given by the grantor, Davis, were not to record the deed until after his death. Other cases in which the grantor's instructions to the third party to whom the deed was delivered were not to record until after the grantor's death are: *Keating v. Augustine* (1932), 213 Iowa 1336, 241 N. W. 429, and *Heinecke v. Portus* (1941), 299 Mich. 668, 1 N. W. (2d) 32. Both cases held that an irrevocable delivery occurred upon the grantor handing the deed to the third party which inured to the benefit of the grantee. As authority for this holding, the Iowa and Michigan courts cited cases involving delivery to a third person with instructions not to deliver to the grantee until after the death of the grantor. We likewise have cited authorities dealing with instructions to hold and deliver to the grantee after grantor's death as being apposite on the issue of delivery presented in the instant case.

The test of whether the deed is effective upon delivery to the third person is not whether the grantor has retained possession or control of the property, but rather, whether he has retained possession or control of the deed. *Estate of Hulteen* (1951), 170 Kan. 515, 519, 227 Pac. (2d) 112. Therefore, it is immaterial that the grantor continues in possession and control of the conveyed real estate, as did Davis, from the time of delivery of the deed to the third person until the grantor's death. The deed operates as a

conveyance *in praesenti* although the enjoyment is postponed until the grantor's death. *Hered v. Nemethy* (1962), 15 App. Div. (2d) 791, 792, 224 N. Y. Supp. (2d) 723. Some courts hold that the grantor retains an implied reserved life estate in the premises. 3 American Law of Property, p. 318, sec. 12.67, and cases cited in footnote 3; 4 Tiffany, Real Property, p. 247, sec. 1054, and cases cited in footnote 62. It was held in the inheritance-tax case of *Estate of Ogden* (1932), 209 Wis. 162, 168, 244 N. W. 571, that an effective life estate may be reserved by the grantor by oral agreement even though the deed is absolute on its face and has been delivered to the grantee.

The intention of the grantor at the time he makes the delivery of the deed to the third person controls as to whether the deed is revocable or irrevocable. There are several facts in the instant case which tend to establish that Davis intended an irrevocable conveyance. Nothing was said between Davis and Cotter at the time of the delivery of the deed to Cotter. This in itself is more consistent with an intention that the deed was irrevocable rather than revocable. Davis made no attempt thereafter to revoke the delivery. When the subject of the joint will was discussed between Davis and Cotter, Davis remarked to Cotter, "What she [Mrs. Davis] doesn't know won't bother her." This tends to support the inference that he considered the deed an accomplished fact and not something he could change at will. The inclusion in the deed of the third interest in the tree farm, which Cotter was apparently entitled to receive immediately, shows intent of irrevocable delivery.

Appellants strongly rely upon the statements which Davis made to his friends Hook, Curran, and Carstensen, that Mrs. Davis would receive the hotel after he died. Concededly it is difficult to reconcile these statements with the other facts which point so strongly to the conclusion that the delivery of

the deed was irrevocable. However, as noted by the trial court's memorandum decision, once the deed takes effect as of date of delivery, subsequent conduct or remarks of the grantor cannot operate retroactively to change such effect.

We now turn to the legal significance of Cotter having been named as one of the grantees in the deed. *Chaudoir v. Witt* (1919, 1920), 170 Wis. 556, 170 N. W. 932, 174 N. W. 925, is directly in point with respect to this aspect of the case. There a grantor, while seriously ill, executed a deed in which his wife joined in conveying a store building in which he and his family lived to one Suelflow, a real-estate and insurance man. Suelflow and his wife then executed a deed to the same property to grantor's wife. Suelflow, who had possession of both deeds briefly, then delivered both to grantor's wife. It was understood between grantor and Suelflow that these two deeds were only to be effective in case grantor died of his then illness and that the deeds were not to be recorded until after grantor's death. Grantor recovered and lived for thirty-six more years. After his death an action was commenced to set aside the two deeds on the ground that they were testamentary in character and had never been delivered so as to be effective as deeds. This court held that a delivery in escrow or upon condition cannot be made to a grantee. Mr. Chief Justice WINSLOW in his opinion stated (at p. 563) :

"No court has more positively or consistently held that there cannot be a conditional delivery of a deed to the grantee himself than this court."

Likewise in *George Williams College v. Williams Bay* (1943), 242 Wis. 311, 320, 7 N. W. (2d) 891, this court declared, "Furthermore, as a matter of law there cannot be a conditional delivery of a deed to a grantee; in such a case the delivery becomes absolute." Delivery of a deed to one of several grantees, in the absence of evidence to the contrary,

is generally regarded as a delivery in favor of all grantees. *Smith v. Lombard* (1927), 201 Cal. 518, 258 Pac. 55; *McClugage v. Taylor* (1933), 352 Ill. 550, 186 N. E. 145; *White v. Hogge* (Ky. 1956), 291 S. W. (2d) 22; *Schmidt v. Jennings* (1960), 359 Mich. 376, 102 N. W. (2d) 589; 16 Am. Jur., Deeds, p. 522, sec. 150; 26 C. J. S., Deeds, p. 707, sec. 49.

It necessarily follows that the judgment of the circuit court must be affirmed. First, the finding that it was the intent of Davis that the delivery of the deed to Cotter was irrevocable is not against the great weight and clear preponderance of the evidence. Secondly, because Cotter was named as a cograntee, there could not be a conditional delivery as to him as a matter of law, and, in the absence of any expressed intention to the contrary, delivery to Cotter was effective as to his cograntee Ritchie.

The fact that Mrs. Davis expended a considerable amount of her own funds in remodeling the hotel makes a strong appeal to our equitable sensibilities as it did the trial court. The trial court suggested the possibility of a cause of action in favor of Mrs. Davis under secs. 275.24 and 275.25, Stats. There is also the possibility of a cause of action independently of these statutes grounded upon unjust enrichment.

*By the Court.*—Judgment affirmed.